UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| USAMA S. ABDEL-WHAB, | : | |
| Petitioner, | : | Civil Action No. 05-3114 (WJM) |
| v. | : | **ORDER** |
| SECRETARY OF HOMELAND SECURITY, | : | |
| Respondent. | : | |

This matter comes before the Court upon pro se Petitioner Usama S. Abdel-Whab's letter application, dated July 25, 2005, requesting that the Court reconsider the transfer of this matter to the United States Circuit Court of Appeals for the Third Circuit,

And it appearing that:

1. On June 20, 2005, petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Petition appears to challenge a final administrative order of removal issued by an Immigration Judge in removal proceedings completed in York, Pennsylvania. Petitioner contends that he was denied due process and was subjected to double jeopardy because his removal proceedings had been fully adjudicated by an Immigration Judge in Newark, New Jersey, on or about April 16, 2003, with a favorable determination to petitioner.

2. Petitioner further contends that the REAL ID Act of 2005 does not apply in this case because he is only challenging the constitutionality of the second removal hearing, not the final order of removal.  However, petitioner seeks to have his final order of removal vacated.

3. On June 29, 2005, this Court issued an Order to Show Cause to the parties in this action directing them to either stipulate or object to the transfer of this case to the United States Circuit Court of Appeals for the Third Circuit, pursuant to Section 106(a)(5) of the REAL ID Act of 2005, and the Special Notice, issued on June 16, 2005, by the Court of Appeals for the Third Circuit with respect to cases subject to transfer under the REAL ID Act.

4. On July 7, 2005, petitioner filed an emergency stay of removal.  The application was received and entered on the docket on July 15, 2005.  The application did not present any arguments or objections to the transfer of this case to the Third Circuit.

5. On July 20, 2005, this Court issued an Order transferring this case to the Third Circuit as provided by the REAL ID Act of 2005.

6. On July 29, 2005, this Court received petitioner's letter, dated July 25, 2005, seeking reconsideration of the July 20, 2005 Order transferring this case to the Third Circuit.  Petitioner states that he already has pending a petition for

review of his final order of removal in the Third Circuit, challenging the Board of Immigration Appeals' determination of removal. He argues that the habeas petition he filed in this district court is challenging the removal hearings as unconstitutional based on double jeopardy and due process violations. He admits that the petition also seeks to vacate the final order of removal.

7. The REAL ID Act of 2005 divests the district courts of jurisdiction over habeas petitions that challenge a final order of removal. In this case, the habeas petition seeks to vacate the final order of removal based on claims of double jeopardy and due process violations. Thus, it is clear that the petition challenges the removal order itself, as well as the basis for removal, and such action must be presented in a petition for review pursuant to Section 106(a)(5) of the REAL ID Act of 2005.

8. Moreover, once this case was transferred to the jurisdiction of the Court of Appeals for the Third Circuit, this Court is divested of its control over those aspects of the case now before the Third Circuit, and this Court no longer has jurisdiction over this matter.

THEREFORE, IT IS on this \_\_\_9th\_\_\_ day of August, 2005,

ORDERED that this Court will not reconsider the transfer of this action to the Circuit Court of Appeals for the Third Circuit

because this Court no longer has jurisdiction over the matter pursuant to the REAL ID Act of 2005.

_____
WILLIAM J. MARTINI
United States District Judge